# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:16CV669-FDW-DSC

| | |
|---|---|
| JAMES K. BRYANT, )<br>        Plaintiff, )<br>         )<br>   vs. )<br>         )<br>NANCY A. BERRYHILL,[1] )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>        **Defendant.** )<br>                       ) | **MEMORANDUM AND RECOMMENDATION**<br>**OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and Defendant's "Motion for Summary Judgment" (document #13), as well as the parties' briefs and exhibits.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action needs to be taken pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

## I. PROCEDURAL HISTORY

On May 14, 2012, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff alleged that he was unable to work as of December 1, 2011, due to lung problems, "mental health," a dislocated disc, joint pain, a lump in the middle of his chest, and poor use of his right hand (Tr. 179, 183, 212).

Plaintiff's application was denied initially and upon reconsideration. (Tr. 67-68, 88-89). Plaintiff subsequently requested a hearing which was held on November 5, 2014. (Tr. 32-59). At the hearing, Plaintiff amended his alleged disability date to September 23, 2013. He withdrew his DIB claim because his amended disability date postdated the expiration of his insured status. (Tr. 47-48, 207).

On February 25, 2015, the Administrative Law Judge ("ALJ") denied Plaintiff's claim. (Tr. 14-25). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended onset date. (Tr. 23). The ALJ also found that Plaintiff suffered from degenerative joint disease and osteoarthritis, which were severe impairments within the meaning of the regulations but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 17-18). The ALJ found that Plaintiff had mild difficulties in maintaining concentration, persistence or pace, and that his depression and anxiety were not severe impairments. Id.

The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

perform medium work[3] with limitations not to climb ladders, ropes, or scaffolds, avoid concentrated exposure to workplace hazards and vibrations, and only occasional ramp and stair climbing, balancing, stooping, kneeling, crouching, and crawling (Tr. 18). The ALJ then found that Plaintiff could not perform his past relevant work as a furniture mover and driver. (Tr. 24).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, a Vocational Expert ("V.E.") identified jobs as a hand packer, merchandise deliverer, and conveyor feeder or off-bearer that Plaintiff could perform. (Tr. 24-25).

Based upon this testimony, the ALJ found that there were a significant number of jobs in the regional and national economy that Plaintiff could perform. Id. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

Plaintiff filed a timely Request for Review by the Appeals Council. On July 18, 2016, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-5).

Plaintiff filed the present action on September 15, 2016. He assigns error to the ALJ's formulation of his mental RFC and her evaluation of opinions from the State Agency psychological consultants. See Plaintiff's "Memorandum ..." at 5 (document #12). The parties' cross-Motions are ripe for disposition.

---

[3]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

3

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at

4

1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome − so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[4] Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

In Mascio, the Court also "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v.Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). See also SSR 96-8p (where ALJ completes Psychiatric Review Technique Form ("PRTF"), mental RFC evaluation for use at steps 4 and 5 "requires a more detailed assessment by itemizing various functions … summarized on the PRTF"). "The ability to perform simple tasks differs from the ability to stay on pace. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." Id. Where the Court is "left to guess about how the ALJ arrived at h[er] conclusions on [a claimant's] ability to perform [the] relevant functions" identified in the ALJ's RFC, then remand is appropriate. Id. at 637.

The ALJ's Step Two analysis is not a substitute for a thorough assessment of Residual Functional Capacity. Step Four requires a more detailed assessment with itemization of various functions found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments. See SSR 96-8p; Reinhardt v. Colvin, 2015 U.S. Dist. LEXIS 50952 (W.D.N.C. 2015)

("While the court agrees with the Commissioner's argument that the fact that the ALJ found mild limitations in the paragraph B criteria does not necessarily translate to a work-related functional limitation, Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered."). The ALJ must consider the combined effect of both severe and non-severe impairments. Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989). SSR 96-8p explicitly directs:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Here, the ALJ failed to address whether Plaintiff's mild limitations in activities of daily living, ability to maintain social function, and ability to maintain concentration, persistence or pace resulted in any functional limitations. (Tr. 17). See Wedwick v. Colvin, 2015 U.S. Dist. LEXIS 105065 (E.D.Va. 2015) ("As Mascio points out, admitting a limitation in concentration, persistence and pace correlates to a limitation in ability to stay on task, one that the ALJ neither posed to the [vocational witness], nor included in his assessment.").

While the ALJ may have found that Plaintiff's mild mental limitations do not result in any functional limitations, her failure to explain that finding requires remand. Mascio, 780 F.3d at 636; Reinhardt, 2015 U.S. Dist. LEXIS 50952.

Plaintiff also assigns error to the ALJ's evaluation of the opinions of the State Agency

7

psychological consultants. Those consultants opined that Plaintiff has severe mental impairments and a moderate limitation in concentration, persistence and pace. (Tr. 82, 107-08). At Step Four, the ALJ stated she gave "some weight" to those opinions, (Tr. 23), but did not address them further. Specifically, the ALJ did not explain how she could give "some weight" to those opinions but not account for the moderate limitation in concentration, persistence and pace in Plaintiff's RFC. Accordingly, the error is not harmless.

For both of these reasons, this matter should be remanded for a new hearing. As in Mascio, "[p]erhaps the ALJ can explain why [Plaintiff's] … limitation in concentration, persistence or pace … does not translate into a limitation in [his] residual functional capacity…. But because the ALJ gave no explanation, a remand is in order." Id.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #13) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

---

[5]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: March 27, 2017

_____
David S. Cayer
United States Magistrate Judge