# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:16-CV-00669-FDW-DSC

| | | |
|---|---|---|
| **JAMES K. BRYANT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **NANCY A. BERRYHILL,**[1] | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 13). Pursuant to 28 U.S.C. § 636 (b)(1)(B), these motions were referred to the magistrate judge for issuance of a Memorandum and Recommendation ("M&R") for disposition (Doc. No. 15). The M&R respectfully recommends Plaintiff's Motion for Summary Judgment be granted, Defendant's Motion for Summary Judgment be denied, and the Commissioner's decision be reversed. After Defendant filed objections to the M&R (Doc. No. 16), and Plaintiff filed a response to Defendant's Objections (Doc. No. 17), this matter is now ripe for review.

For the reasons set forth, the Court OVERRULES Defendant's objections, ACCEPTS and ADOPTS the M&R, GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment, and REVERSES the Commissioner's decision and remands this matter for proceedings consistent with the M&R and this Order.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action needs to be taken pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## BACKGROUND

Defendant does not lodge any specific objections to the procedural history section contained in the M&R. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein. (Doc. No. 15, p. 2-3). Likewise, Defendant did not lodge any specific objections to the applicable law cited by the M&R. Thus, the applicable law is also adopted and incorporated by reference as if fully set forth herein. (Doc. No. 15, p. 4-5). Because the procedural posture before this Court is different than that of the magistrate judge, the Court provides a short review of the applicable legal authority for reviewing an M&R.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), restricts and narrows this Court's review of a final administrative decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). It is not the role of the District Court to reweigh conflicting evidence or make any credibility determinations regarding that evidence because "it is not within the province of the reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

As noted above, this matter was first referred to the magistrate judge for M&R. The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). *De novo* review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, no review is required of those portions of the M&R which are not subject to an objection. Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)).

Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200. Based on the foregoing, the Court has thoroughly reviewed the M&R and conducted a *de novo* review of those parts of the M&R subject to Defendant's objection.

## ANALYSIS

Defendant raises two objections to the M&R's findings and conclusions. The Court will review each of Defendant's objections in turn. Following *de novo* review, the Court finds all of Defendant's objections to be without merit.

## I. Plaintiff's Mild Mental Limitations

Defendant's first objection contends the M&R incorrectly held the ALJ failed to give explanation as to why Plaintiff's mild mental limitations in daily activities, ability to maintain social function, and concentration, persistence, or pace ("CPP") were not factored into Plaintiff's Residual Functional Capacity ("RFC"). Defendant notes the ALJ's discussion of Plaintiff's mild

mental limitations in Step Two of the Five Step sequential evaluation process. In Step Two, the ALJ stated there was no evidence Plaintiff's mild mental limitations interfered with his ability to understand, remember, and carry out simple instructions. (Tr. 17-18). Additionally, the ALJ noted, in Step Two, the lack of evidence for Plaintiff's mild mental limitations interfering with his ability to use judgment, or to respond appropriately to supervisors, co-workers, and usual work situations, or to deal with changes in a routine work setting. (Tr. 18). Defendant's objections are noted, yet they are without merit.

In making a disability determination, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. This consideration is to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id. Accordingly, the Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015).

Step Two analysis to determine the severity of Plaintiff's mental limitations is an insufficient substitute for the thorough assessment of Residual Functional Capacity required in Step Four. Step Four analysis requires the ALJ to conduct a detailed assessment with itemization of various functions found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments. See SSR 96-8p. This Court has previously held, "Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered." Reinhardt v. Colvin, 2015 WL 1756480 (W.D.N.C. April 17, 2015). The ALJ must consider the

combined effect of both severe and non-severe impairments. Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989).

Here, the ALJ failed to explain why the mild mental limitations found and discussed in Step Two did not translate into functional limitations during the ALJ's Step Four analysis. Defendant's objection solely notes the ALJ's discussion of Plaintiff's mild mental limitations in Step Two, regarding the severity of the impairment, not its impact on functional limitation assessed in Step Four. The ALJ's failure to explain why Plaintiff's mild mental limitations do not result in any functional limitations requires remand because it "frustrates meaningful review." Mascio, 780 F.3d at 636.

## II.     Opinions of State Agency Psychological Consultants

Defendant's second objection contends the M&R incorrectly found that the ALJ did not appropriately weigh the opinions of State agency psychological consultants. Defendant argues these opinions predated the amended alleged onset date, and thus, were not reflective of Plaintiff's later improved mental functioning. For this reason, Defendant argues it was not improper to only afford some weight to these opinions.

The ALJ's Step Four analysis assigned only "some weight" to these opinions; however, the ALJ's decision did not further address them. (Tr. 23). Particularly, the ALJ failed to explain how she could give "some weight" to those opinions but not account for the moderate limitation in CPP in Plaintiff's RFC. (Tr. 23). Accordingly, the ALJ's failure to explain why she gave the weight she did to these opinions is not harmless and requires remand.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the M&R, GRANTS Plaintiff's Motion for Summary Judgment (Doc. No. 11), DENIES Defendant's Motion for Summary Judgment (Doc.

No. 13).  Therefore, the Commissioner's decision is REVERSED, and this matter is REMANDED

for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Signed: March 6, 2018

Frank D. Whitney
Chief United States District Judge